United States District Court
Southern District of Texas
**ENTERED**
October 29, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KOEN OVERBERGER and LORENZO TERRENOS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-7305 |
| | § | |
| JOBE MATERIALS LP and ALTEC INDUSTRIES, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Koen Overberger and Lorenzo Terrenos (collectively referred to as "Plaintiffs") brought this action against Jobe Materials LP ("Jobe Materials") and Altec Industries, Inc. ("Altec") (collectively referred to as "Defendants") in the 55th Judicial District Court of Harris County, Texas.[1] Defendants removed the action to federal court.[2] Pending before the court are Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Complaint ("Motion for Leave to File Amended Complaint") (Docket Entry No. 4) and Plaintiffs' Motion to Remand ("Motion to Remand") (Docket Entry No. 9). For the reasons explained below, the Motion for Leave to File Amended Complaint will be denied and the Motion to Remand will be granted.

---

[1]Plaintiffs' Original Petition ("Original Petition"), Exhibit A-1 to Defendant Altec Industries, Inc.'s Notice of Removal ("Altec's Notice of Removal"), Docket Entry No. 1-1, p. 1. For purpose of identification all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Altec's Notice of Removal, Docket Entry No. 1.

## I. Background

At all relevant times to this action, Plaintiffs were employed by El Paso Electric Company ("EPE") as electric linemen.[3] Plaintiffs were scheduled to perform work on a 115 kV transmission line in El Paso, Texas, on April 15, 2026.[4] A portion of the work was to be performed on a transmission line that was behind a gate with a sign that bore Jobe Materials' logo and stated: "Private Entrance–Do Not Enter."[5] The gate also had a security checkpoint.[6]

On March 25, 2026, Overberger and EPE journeyman lineman Kyle Keith were assessing the portion of the project that was located behind the gate.[7] Both Overberger and Keith identified safety concerns arising from (1) the close proximity of energized electrical distribution lines to the work that EPE's linemen would be required to perform and (2) the proximity of the work to the roadway and the vehicular and operational traffic.[8] Plaintiff Overberger and Keith felt that the work should be performed during nighttime hours, when the nearby distribution lines could be de-energized and vehicular and operational traffic in the area could be reduced.[9] Keith communicated this safety concern in the presence of a person whom Overberger understood to be an employee,

---

[3]Plaintiffs' First Amended Complaint ("Amended Complaint"), Exhibit 1 to Motion for Leave to File Amended Complaint, Docket Entry No. 4-1, p. 2 ¶ 9.

[4]Id. ¶ 10.

[5]Id. at 3 ¶¶ 13-14.

[6]Id. ¶ 13.

[7]Id. at 4 ¶¶ 16-17.

[8]Id. ¶¶ 18-19.

[9]Id. ¶ 20.

agent, or representative of Jobe Materials.[10] In response, the Jobe Materials representative stated, in substance, that the line in question, which was a dedicated line servicing Jobe Materials' facility, could not be de-energized because Jobe Materials' facility operated twenty-four hours per day.[11] Following that discussion, the transmission-line work was not rescheduled to the proposed nighttime hours and the distribution line was not de-energized.[12]

On April 15, 2026, Plaintiffs were performing the work on the transmission line that was behind the gate.[13] They were in a bucket of an aerial lift truck when they experienced a sever electric shock, suffering serious and catastrophic injuries.[14] Plaintiffs allege that the electric shock occurred while they were on Jobe Materials' property and in an aerial lift truck that was manufactured by Altec.[15]

On July 24, 2026, Plaintiffs brought suit in the 55th Judicial District of Harris County, Texas, alleging claims of negligence and gross negligence against Jobe Materials and Altec.[16] Plaintiffs are seeking over $1,000,000 in damages.[17]

Altec removed the action to this court on August 31, 2026, based on diversity jurisdiction. At the time of removal, Altec alleged that the Plaintiffs were citizens of New Mexico, Altec was a

---

[10] Id. ¶ 21.

[11] Id. ¶ 22.

[12] Id. at 5 ¶ 24.

[13] Id. ¶ 26.

[14] Id. ¶ 27.

[15] Id. ¶¶ 26, 28.

[16] Original Petition, Exhibit A-1 to Altec's Notice of Removal, Docket Entry No. 1-1, pp. 4-7 ¶¶ 11-16.

[17] Id. at 3 ¶ 8.

citizen of Alabama, and that Jobe Materials was a "Texas limited partnership."[18] Altec's Notice of Removal argued that although Jobe Materials is a forum defendant, removal based on diversity jurisdiction was proper because Plaintiffs improperly joined Jobe Materials as a defendant.[19] On August 31, 2026, Altec amended its Notice of Removal to include the citizenship of each of Jobe Materials' general and limited partners. The Amended Notice of Removal alleges that Jobe Materials is a citizen of Texas, and of Colorado, Connecticut, and New Mexico.[20] Because Plaintiffs and Jobe Materials are citizens of New Mexico, Jobe Materials' presence destroys complete diversity. Altec's Amended Notice of Removal argues that despite the fact that Jobe Materials is also a nondiverse defendant, removal based on diversity jurisdiction was proper because Plaintiffs improperly joined Jobe Materials as a defendant.[21]

On September 21, 2026, less than a month after this action was removed, Plaintiffs filed a motion for leave to file an amended complaint.[22] On September 29, 2026, Plaintiffs filed a Motion to Remand, arguing that Jobe Materials' status as a nondiverse forum defendant precludes removal

---

[18]Notice of Removal, Docket Entry No. 1, p. 3 ¶¶ 14-16.

[19]Altec's Notice of Removal, Docket Entry No. 1, pp. 3-4 ¶ 16. Both Plaintiffs are citizens of New Mexico and Altec is a citizen of Alabama.

[20]Defendant Altec Industries, Inc.'s Amended Notice of Removal ("Altec's Amended Notice of Removal"), Docket Entry No. 21, p. 4 ¶ 16 (stating that Jobe Materials is a limited partnership, whose "general partner is Jobeco Materials, LLC, whose members are S.J., a citizen of Texas; M.J., a citizen of Texas; and the T.G. Trust, a citizen of Texas; and whose limited partners are S.J., a citizen of Texas, M.J., a citizen of Texas; the T.G. Trust, a citizen of Texas; the B.J. Trust, a citizen of Texas; the Z.J. Trust, a citizen of Colorado; the H.G. Trust, a citizen of Connecticut; the L.J. Trust, a citizen of New Mexico; and Jobeco Materials, LLC, a citizen of Texas").

[21]Id. at 5-9 ¶¶ 18-34.

[22]Motion for Leave to File Amended Complaint, Docket Entry No. 4.

based on diversity jurisdiction because Jobe Materials is properly joined as a defendant.[23] Altec responded to Plaintiff's Motion to Remand on October 13, 2026.[24] Jobe Materials joined Altec's response on October 14, 2026.[25] Plaintiffs filed their reply on October 20, 2026.[26]

## II. Legal Standard

### A. Removal Jurisdiction

Under 28 U.S.C. § 1441(a) a defendant may remove a state court civil action to federal district court if it has original jurisdiction. See Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 281 (5th Cir. 2007). District courts "have original [diversity] jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

Although there is complete diversity among Plaintiffs and Altec, Jobe Materials' presence precludes diversity jurisdiction if it was properly joined.[27]

---

[23]Motion to Remand, Docket Entry No. 9, pp. 1-3.

[24]Defendant Altec Industries, Inc.'s Response to Plaintiff's Motion to Remand ("Altec's Response"), Docket Entry No. 17.

[25]Defendant Jobe Materials, LP's Joinder in Defendant Altec Industries, Inc.'s Response to Plaintiffs' Motion to Remand, and Statement of Venue Objections (Docket Entry No. 18). Jobe Materials argues that the Southern District of Texas is not the proper venue for this action. Id. at 3-5. Under 28 U.S.C. § 1441(a), a civil action brought in state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Whether the 55th Judicial District of Harris County, Texas, was the proper venue for Plaintiffs' state action is not relevant as to whether the Southern District of Texas is the proper venue under § 1441(a).

[26]Plaintiffs' Reply in Support of Motion to Remand ("Plaintiffs' Reply"), Docket Entry No. 20.

[27]Both Plaintiffs are citizens of New Mexico. Altec's Notice of Removal, Docket Entry No. 1, p. 3 ¶ 14. Altec is a citizen of Alabama. Id. ¶ 15. Jobe Materials is a citizen of Texas, Colorado, Connecticut, and New Mexico. Altec's Amended Notice of Removal, Docket Entry No. 21, p. 4 ¶ 16.

Moreover, "[e]ven if a court possesses subject matter jurisdiction over the controversy, another procedural obstacle stands in the way of removal: the forum defendant rule." Tubbs v. Swift Transportation Services, LLC, 700 F.Supp.3d 573, 578 (S.D. Tex. 2023). "[E]ven if the parties are completely diverse, removal would still be procedurally improper if one of the properly joined and served defendants hails from the forum state." Id. Jobe Materials is a citizen of Texas, the forum state in this action.

**B. Improper Joinder**

"A removing party attempting to prove improper joinder carries a heavy burden." Perio v. Titan Maritime, LLC, Civil Action No. H-13-1754, 2013 WL 5563711, at *5 (S.D. Tex. Oct. 8, 2013). Improper joinder "may be established by showing (1) actual fraud in the pleadings or (2) the 'inability of the plaintiff to establish a cause of action against the nondiverse party in state court.'" Cumpian v. Alcoa World Alumina, L.L.C., 910 F.3d 216, 219 (5th Cir. 2018) (citation omitted). "The second approach focuses on whether [a] plaintiff has asserted a valid state-law cause of action against the nondiverse defendant." Beran v. World Telemetry, Inc., 747 F.Supp.2d 719, 726 (S.D. Tex. 2010). "[T]he test for fraudulent joinder is whether the defendant has demonstrated that . . . there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "In determining whether there is a reasonable basis for the plaintiff to recover against a defendant under state law, a court conducts 'a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" Beran, 747 F.Supp.2d at 726 (quoting Smallwood, 385 F.3d at 573). "If a plaintiff can survive a Rule 12(b)(6) challenge, there [generally] is no improper joinder." Smallwood, 385 F.3d at 573.

If "a plaintiff has . . . misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id. When the court pierces the pleadings "the defendant must put forward evidence that would negate a possibility of liability on the part of [the nondiverse defendant]." Travis v. Irby, 326 F.3d 644, 650 (5th Cir. 2003).

## III. Analysis

Altec argues that it could remove this action to federal court because Plaintiffs cannot establish a premises liability claim against Jobe Materials.[28] Before the court conducts the improper joinder analysis, it must consider whether Plaintiffs are permitted to amend their pleadings to conform to the federal pleading standard.

### A. The court may consider the facts alleged in Plaintiffs' Amended Complaint.

On July 24, 2026, Plaintiffs filed their Original Petition in the 55th Judicial District Court of Harris County, Texas.[29] The Original Petition asserts a claim sounding in premises liability by alleging that Jobe Materials was negligent in maintaining the power lines on its property.[30] After the action was

[28]Altec's Notice of Removal, Docket Entry No. 1, pp. 5-8.

[29]Original Petition, Exhibit A-1 to Altec's Notice of Removal, Docket Entry No. 1-1.

[30]Id. at 4-7 ¶¶ 11-16. Although Plaintiffs argue that this is a general negligence claim, the Original Petition asserts a theory of recovery based on premises liability. Torres v. Pasadena Refining Systems, Inc., 695 S.W.3d 392, 413 (Tex.App.–Houston [1st Dist.] 2022) ("Because negligence and premises liability claims are based on independent theories of recovery, they are not interchangeable."); United Scaffolding, Inc. v. Levine, 537 S.W.3d 463, 480 (Tex. 2017) ("[I]f a claim is properly determined to be one for premises defect, a plaintiff cannot circumvent the true nature of the claim by pleading it as general negligence." (internal quotation marks omitted)); see also JMI Contractors, LLC v. Medellin, 738 S.W.3d 775, 785 (Tex. 2026) ("A plaintiff's artful pleading does not turn a negligent-activity claim into a premises-liability claim, nor vice versa."). However, even if Plaintiffs' Original Petition asserted a general negligence claim, that would not entitle them to assert a new claim of negligent activity or negligent undertaking in their Amended Complaint. Suarez v. Royal Coach FMHC, LLC, Civil Action No. 4:25-cv-00905, 2025

(continued...)

removed to federal court, Plaintiffs filed an Amended Complaint, adding negligent activity and negligent undertaking claims.[31] Altec argues that under Fifth Circuit precedent the court cannot consider Plaintiffs' newly pled cause of action.[32] Plaintiffs argue that their Amended Complaint simply clarifies their existing premises liability claim with supporting jurisdictional facts.[33]

The Fifth Circuit has held that "where defendants challenge the pleadings on the merits after a case has been removed to federal court, plaintiffs should be permitted leave to amend their complaint in order to conform to the federal pleading standard." Palmquist v. Hain Celestial Group, Inc., 103 F.4th 294, 302 (5th Cir. 2024). "Although post-removal filings may not be considered 'to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court,' they can be considered to the extent they 'clarify or amplify the claims actually alleged' in the removed pleading." Id. at 303 (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999).

While Plaintiffs' Amended Complaint clarifies their existing premises liability claim with supporting jurisdictional facts, it also seeks to add a claim that was not alleged in their state court pleading. Under Texas law negligence, premises liability, and negligent activity claims are separate causes of action. See Harris County Flood Control District v. Halstead, 650 S.W.3d 707, 714

---

[30](...continued)
WL 2723279, at *4 (S.D. Tex. Sept. 9, 2025) (refusing to consider a negligent undertaking claim asserted in the amended complaint when the state court petition asserted a claim for premises liability, negligence, and gross negligence).

[31]Compare Original Petition, Exhibit A-1 to Notice of Removal, Docket Entry No. 1-1, pp. 4-5 ¶¶ 11-12, with Plaintiffs' First Amended Complaint, Exhibit 1 to Motion for Leave to File Amended Complaint, Docket Entry No. 4-1, pp. 6-7 ¶ 37.

[32]Altec's Response, Docket Entry No. 17, pp. 9-12.

[33]Plaintiffs' Reply, Docket Entry No. 20, p. 10.

(Tex.App.–Houston [14th Dist.] 2022, no pet.) ("Thus, under a single set of alleged facts, a party cannot recover under both [negligent activity and premises defect] theories because they are governed by different standards and elements of proof."); see also United Scaffolding, 537 S.W.3d at 471 (explaining that "[n]egligence and premises liability claims . . . are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements" and that "[u]nderpinning the distinctions between these claims is the principle that 'negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measure to make the property safe'") (citation omitted). The Texas Supreme Court recently affirmed this distinction in JMI Contractors, LLC v. Medellin, 738 S.W.3d 775, 786 (Tex. 2026). Plaintiffs acknowledge that "premises liability, negligent activity, and negligent undertaking are separate theories of recovery" under Texas law.[34] Under Fifth Circuit precedent the court cannot consider Plaintiffs' Amended Complaint to the extent it raises "'new causes of action or theories not raised'" in their Original Petition. Palmquist, 103 F.4th at 303 (quoting Griggs, 181 F.3d at 700) (emphasis added). Courts in the Southern District of Texas have declined to consider negligent undertaking or negligent activity claims when the state court petition alleges a claim of negligence or premises liability. See, e.g., Suarez, 2025 WL 2723279, at *4 (refusing to consider a negligent undertaking claim asserted in the amended complaint when the state court petition asserted a claim for negligence, gross negligence, and premises liability). Accordingly, the court will not consider Plaintiffs' newly pleaded claims of negligent activity and negligent undertaking.

[34]Id. at 8.

However, because "adding new causes of actions and clarifying already alleged causes of actions are not mutually exclusive," the court will consider the amended complaint "to the extent [it] 'clarif[ies] or amplif[ies] the claims actually alleged' in the removed pleading." Palmquist, 103 F.4th at 303 (quoting Griggs, 181 F.3d at 700).

**B. Jobe Materials was not improperly joined.**

Altec argues that Plaintiffs cannot state a claim against Jobe Materials because Plaintiffs have failed to allege that Jobe Materials owns, possesses, or controls (1) the site of the accident or (2) whether and when the power lines are energized.[35] Plaintiffs argue that they have sufficiently pled a premises liability claim.[36]

A landowner owes to invitees "a duty to maintain the premises in a reasonably safe condition . . .; a duty of reasonable care to inspect and discover a condition involving an unreasonable risk of harm . . .; and the duty to protect against the danger and to make safe any defects or to give an adequate warning thereof." Rawlings v. Angelo State University, 648 S.W.2d 430, 433 (Tex. App.–Austin 1983, no pet.) (citations omitted). "'[A] premises-liability defendant may be held liable for a dangerous condition on the property if it assumed control over and responsibility for the premises, even if it did not own or physically occupy the property.'" United Scaffolding, 537 S.W.3d at 473 (citation omitted). "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm;

---

[35]Notice of Removal, Docket Entry No. 1, pp. 5-8 ¶¶ 22-32.

[36]Motion to Remand, Docket Entry No. 9, pp. 12-13.

(3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." Henkel v. Norman, 441 S.W.3d 249, 251-52 (Tex. 2014).

Plaintiffs have sufficiently alleged that Jobe Materials owned, possessed, or controlled the site of the accident and whether and when the power lines were energized. The Amended Complaint alleges that the defective transmission line was behind a gate with a security checkpoint and with a sign that bore Jobe Material's logo and stated: "Private Entrance–Do Not Enter."[37] The Amended Complaint also alleges that a Jobe Materials representative stated that the transmission line in question could not be de-energized because Jobe Materials' facility operated twenty-four hours per day.[38] At the time of the conversation, Plaintiffs believed that "the Jobe representative was acting within the course and scope of his employment or agency and was speaking on Jobe's behalf concerning Jobe's operational requirements and its ability or willingness to accommodate an interruption of electrical service and/or facility operations."[39] Plaintiffs' allegations, taken as true, are sufficient to allege that Jobe Materials owed Plaintiffs a duty to maintain the premises in a reasonably safe condition. La China v. Woodlands Operating Co., L.P., 417 S.W.3d 516, 522 (Tex.App.–Houston [14th Dist.] 2013, no pet.) ("Control can be demonstrated by ownership, occupation, management, or possession of property.") (emphasis added).[40] Although Altec relies on

---

[37]Plaintiffs' First Amended Complaint, Exhibit 1 to Motion for Leave to File Amended Complaint, Docket Entry No. 4-1, p. 3 ¶¶ 13-15.

[38]Id. at 4 ¶¶ 21-22.

[39]Id. ¶ 23.

[40]Altec does not argue that Plaintiffs have failed to allege the elements of a premises liability claim. Altec focuses only on whether Plaintiffs have sufficiently alleged ownership or control.

affidavits and other exhibits to argue that Jobe Materials did not own or control the property at the time of the incident, "[i]n determining whether there is a reasonable basis for the plaintiff to recover against a defendant under state law, a court conducts 'a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" Beran, 747 F.Supp.2d at 726 (quoting Smallwood, 385 F.3d at 573); see also Sligh v. City of Conroe, Texas, 87 F.4th 290, 297 (5th Cir. 2023) (per curiam) (explaining that a court may also "consider '[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim'") (citation omitted). "[I]f a plaintiff can survive a Rule 12(b)(6) challenge, there [generally] is no improper joinder." Smallwood, 385 F.3d at 573.

Altec also argues that even if Plaintiffs have sufficiently pled ownership or control, they cannot state a claim against Jobe Materials for premises liability because the energized lines were open and obvious.[41] "Under Texas law, when a hazardous condition is 'open and obvious or known to the invitee,' the duty to warn ceases to exist because open and obvious hazards are equally discoverable by landowners and invitees alike." Maldonado v. AEP Texas Inc., 681 F.Supp.3d 704, 709 (S.D. Tex. 2023) (citation omitted). "A hazard is considered open and obvious 'when the evidence conclusively establishes that an invitee would have knowledge and full appreciation of the nature and extent of danger, such that knowledge and appreciation of the danger are considered as proved as a matter of law.'" Dougay v. Dolgencorp of Texas, Inc., No. 22-40479, 2023

---

[41]Altec's Response, Docket Entry No. 17, p. 8. Plaintiffs argue that Altec cannot assert that the energized lines were open and obvious because it is an affirmative defense that must be asserted by Jobe Materials. The court has not found any case law that supports Plaintiffs' assertion, and Plaintiffs cite none. See Plaintiffs' Reply, Docket Entry No. 20, p. 6. The court thus concludes that Altec may assert the open and obvious doctrine in support of its Notice of Removal.

WL 2809155, at *2 (5th Cir. Apr. 5, 2023) (per curiam) (citation omitted). "[T]he Court may properly resolve the legal question of whether the defendant owed a duty as a matter of law at the pleading stages." Huffman v. Wal-Mart Stores Texas, LLC, No. 3:23-cv-2302-L, 2024 WL 4112425, at *7 (N.D. Tex. Aug. 19, 2024), report and recommendation adopted, 2024 WL 4116822 (N.D. Tex. Sept. 6, 2024). "[T]he governing Texas law supposes that, while a court may determine the question as a matter of law, the court will decide whether the evidence conclusively establishes that the invitee would have knowledge and full appreciation of the nature and extent of danger, based on the totality of the particular circumstances the plaintiff faced. Absent unusual circumstances . . . that is a task suited for summary judgment or trial – the contexts in which almost all of the available court decisions arise." Id. (emphasis added).

Although Plaintiffs knew that the line was energized, Altec has not demonstrated that all of the dangers at the site that Plaintiffs allege in their Amended Complaint, such as hazards related to the vegetation and the electric and communication lines in general, were open and obvious.[42] See, e.g, Gallazo-Omar v. Hyatt Corporation, 1:22-CV-644-DII, 2023 WL 4872911, at *6 (W.D. Tex. May 5, 2023), report and recommendation adopted, 2023 WL 4878857 (W. D. Tex. July 31, 2023) (declining to dismiss plaintiff's claims under the open and obvious doctrine because the "steeply sloped downhill portion of the tr[ai]l could have been obscured by a curve) (emphasis added). At least at the pleading stage Plaintiff's Amended Complaint "contain[ed] enough facts to nudge Plaintiff's claim across the line from conceivable to plausible." Id. The court therefore concluded that "the open and obvious doctrine [did] not obviate Plaintiff's premises liability claim." Id. at *7.

For the reasons explained above, the court concludes that Plaintiffs have stated a premises liability claim against Jobe Materials. Altec has therefore failed to establish that "there is no reasonable

---

[42]Plaintiffs' Reply, Docket Entry No. 20, p. 7; Plaintiffs' First Amended Complaint, Exhibit 1 to Motion for Leave to File Amended Complaint, Docket Entry No. 4-1, pp. 6-7 ¶¶ 37-38.

basis for the district court to predict that the plaintiff might be able to recover against" Jobe Materials. Smallwood, 385 F.3d at 573. Because Jobe Materials and Plaintiffs are citizens of New Mexico, this court lacks diversity jurisdiction. 28 U.S.C. § 1332(a)(1) (stating that district courts "have original [diversity] jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States"). Additionally, because Jobe Materials is a citizen of Texas, the forum state, removal was procedurally improper. Tubbs, 700 F.Supp.3d at 578 ("[E]ven if the parties are completely diverse, removal would still be procedurally improper if one of the properly joined and served defendants hails from the forum state."). Accordingly, this action should be remanded to the 55th Judicial District Court of Harris County, Texas.

## IV. Conclusion and Order

Because Plaintiffs have stated a claim against Jobe Materials, this court does not have diversity jurisdiction. For the reasons explained above, Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Complaint (Docket Entry No. 4) is **DENIED**, and Plaintiffs' Motion to Remand (Docket Entry No. 9) is **GRANTED**. This action is **REMANDED** to the 55th Judicial District Court of Harris County, Texas.

The Clerk will provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this the 29th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE